UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JASON LEE HENSLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-cv-00019 |
| | ) | REEVES/GUYTON |
| BLOUNT COUNTY JAIL, SOUTHERN HEALTH PARTNERS, CHERYL HOUSEHOLDER, CPL BISHOP, CHIEF FRENCH, CAPTAIN ADAMS, BLOUNT COUNTY JAIL MEDICAL STAFF AND ADMINISTRATION, STACY GRAINGER, QUESINBERRY SMITH, and LT. GREGORY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED** *sua sponte*.

### I. FILING FEE

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). On January 14, 2015, Plaintiff submitted a fully compliant application [Doc. 1], and it appears from his application that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in*

*forma pauperis* [Doc. 1] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received. However, because Plaintiff is no longer incarcerated, the Court will not assess a filing fee at this time.[1]

## II. BACKGROUND

Plaintiff filed this complaint under 42 U.S.C. § 1983 on January 14, 2015 against Defendants Blount County Jail, Southern Health Partners ("SHP"), Cheryl Householder ("Householder"), Cpl Bishop ("Bishop"), Chief French ("French"), Captain Adams ("Adams"), Lt. Gregory ("Gregory"), Stacy Grainger ("Grainger"), Quesinberry Smith ("Smith"), and the Blount County Jail Medical Staff and Administration, for alleged violations of his constitutional rights occurring while he was confined at the Blount County Jail [Doc. 2].

Plaintiff alleges that he failed to receive proper medical care at the Blount County Jail [Doc. 2 p. 3]. Initially, Plaintiff claims that he was seen by a doctor and provided treatment for scabies after the doctor prescribed steroids [*Id.*]. After Plaintiff's health issues continued, Plaintiff alleges that he was "put back on steroids that helped some[,] but didn't solve [the] issue" [*Id.* at 4]. Plaintiff claims that he continued to suffer "scratch marks, bumps, [and] sores from [his] ailment" [*Id.*]. After Plaintiff informed Defendant Bishop about his continued pain, a nurse provided Plaintiff with a dish soap that he was not allergic to, as well as lotion [*Id.* at 4].

Plaintiff also claims that he was provided different treatment for his scabies because he was a "county inmate" [*Id.* at 6]. Specifically, Plaintiff alleges that a federal inmate was detained at the Blount County Jail, and was provided with immediate treatment and prescribed

---

[1] A search of the Tennessee Felony Offender Information website indicates that Plaintiff was released from incarceration on January 24, 2018. *See* https://apps.tn.gov/foil-app/results.jsp.

"permethine" to treat his symptoms [*Id.*]. However, Plaintiff claims that "it took almost 3 months before the doctor gave me the same treatment," because Plaintiff was an indigent, county inmate [*Id.*]. Plaintiff alleges that his scabies were "intensified" due to subsequent nerve damage [*Id.* at 7]. Plaintiff also claims that he is hypoglycemic, and "medical refuses to give [him] pm sandwiches for [his] low blood sugar" [*Id.*]. Lastly, Plaintiff alleges that he is supposed to be placed in the bottom bunk due to medical restrictions, but "medical absolutely refuses to be professional with my medical situation" [*Id.*].

Further, Plaintiff claims that he "was charged for [his] asthma inhaler 4 times with only 2 inhalers" [*Id.* at 4]. Additionally, Plaintiff claims that he was also charged twice for his medication after getting a tooth pulled, although he only took one dose [*Id.* at 6]. Plaintiff then filed a grievance requesting to be refunded his money for the unused medication [*Id.*]. However, Plaintiff claims that he was retaliated against by correctional officers at the Blount County Jail for attempting to file grievances [*Id.* at 4]. He claims that "[i]n the process of turning in grievance request forms, I was cussed twice, written up once, and punished with loss of visits" [*Id.* at 7]. Plaintiff also alleges that the nurses made derogatory statements about him to other inmates and correctional officers [*Id.* at 4]. He claims that he was "cussed [out]" by Defendant Householder for asking if he was on the sick call list [*Id.* at 7]. Plaintiff has attached several general request forms, grievances, and sick call requests [*Id.* at 8–20].

Plaintiff requests monetary damages for his pain and suffering, for the Court to discipline and order the firing of several Defendants, for the Court to "fix [the] grievance system at Blount Co. Jail," and for Plaintiff to be removed from the Blount County Jail [*Id.* at 5].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found

elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Improper Defendants

At the outset, Plaintiff has brought suit against the Blount County Jail, a non-suable entity under 42 U.S.C. § 1983. The Blount County Jail is a building which serves as a place of confinement for those in custody, and it is not a "person" under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Thus, the Blount County Jail will be **DISMISSED** as a Defendant in this action.

Additionally, the Blount County Jail Medical Staff is not a "person" subject to suit within the terms of § 1983. *See Monell*, 436 U.S. at 689–690 n.53; *see also Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983"); *Anderson v. Morgan County Corr. Facility*, No. 3:14–cv–516, 2015 WL 7281665, at *3 (E.D. Tenn. Nov. 17, 2015) (finding that the jail medical staff is a non-suable entity under § 1983). Similarly, the jail administration is merely an arm of the Blount County Jail, which itself is not a suable entity. *See Monell*, 436 U.S. at 688–90; *see, e.g., Guy v. Jail*, No. 5:15-

cv-75, 2016 WL 775719, at *2 (S.D. Ga. Jan. 29, 2016) (stating "even if Plaintiff has named the 'jail administration' as a Defendant, he has still failed to name any person that deprived him of some constitutional right as is required to state a plausible Section 1983 claim"); *Barney v. Broomfield Cty. Jail Admin.*, No. 1:06-CV-01216, 2006 WL 2226240, at *1 (D. Colo. Aug. 2, 2006) (holding "[t]he Broomfield County Jail Administration is not a separate entity from Broomfield County and, thus, is not a person under 42 U.S.C. § 1983"). Therefore, Plaintiff's claims against the Blount County Jail Medical Staff and Administration fail to state a claim for relief under § 1983, and the Blount County Jail Medical Staff and Administration will be **DISMISSED** as Defendants.

### C. Lack of Personal Involvement

In his complaint, Plaintiff fails to include any factual allegations against Defendants French, Adams, or Gregory. A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.5 (6th Cir. 2005). Further, it is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. See *Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of constitutional rights).

Additionally, these Defendants cannot be held liable as supervisors. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see*

*also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (internal citation omitted). Lastly, the potential role of Defendants French, Adams, or Gregory in denying Plaintiff's grievances are not sufficient to establish a claim of deliberate indifference. *See Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (holding supervisor and administrators not liable merely because they failed to intervene or act upon prisoner's complaint); *Yoder v. Seals,* No. 3:07–cv–436, 2009 WL 737099, at *4 (E.D. Tenn. Mar. 19, 2009) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983") (internal quotations and citations omitted).

Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Plaintiff must affirmatively show that each Defendant he seeks to hold liable, through that Defendant's own actions, has violated his constitutional rights. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014). Plaintiff's complaint fails to allege the involvement of Defendants French, Adams, or Gregory in violating his constitutional rights. Thus, Plaintiff has failed to state a claim which would entitle him to relief under § 1983 against Defendants French, Adams, or Gregory, and they will be **DISMISSED** as Defendants.

    D.    **Medical Deliberate Indifference Claims**

Plaintiff claims that he did not receive proper medical care at the Blount County Jail, as he challenges the treatment he received for his scabies [Doc. 2 p. 3]. Also, Plaintiff claims that

medical staff refused to provide him with sandwiches for his low blood sugar and failed to enforce Plaintiff's placement on a bottom bunk [*Id.* at 3–7].

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind—one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, a prisoner whose claims are based on a theory of medical negligence has not stated a claim under § 1983 because medical malpractice is not a constitutional violation. *Estelle*, 429 U.S. at 104–06.

Additionally, no claim is stated where some medical treatment is provided, and the dispute is over the adequacy of such treatment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). For example, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *but see Perez v. Oakland Cty.*, 466 F.3d 416, 424–25 (6th Cir. 2006) (noting that "deliberate indifference may be established by a showing of grossly inadequate care, as well as [by] a decision to take an easier but less efficacious course of treatment"). Similiarly, "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

### 1. Scabies Treatment

Plaintiff claims that he received improper medical care for his scabies at the Blount County Jail. However, "[a] mere difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment does not state a claim under the Eighth Amendment." *Koos v. Corr. Corp. of Am.,* 63 F. App'x 796, 797 (6th Cir. 2003) (citing *Estelle*, 429 U.S. at 107; *Westlake,* 537 F.2d at 860 n.5). Plaintiff's allegations relating to his scabies treatment amount to a "difference of opinion" between Plaintiff and the medical staff regarding his treatment. *See id.* Additionally, complaints of malpractice or allegations of negligence are insufficient to entitle Plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 105–06. While Plaintiff may prefer to receive certain medications, the Eighth Amendment does not entitle an inmate "to demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), *cited with approval in Smith v. Schofield*, No. 3:15-CV-574-PLR-HBG, 2016 WL 393540, at *4 (E.D. Tenn. Feb. 1, 2016).

As long as Plaintiff was actually afforded treatment which complied with constitutional guidelines, he has no right to demand a particular medication. *Estelle*, 429 U.S. at 106–07; *see also Hampton v. Daviess Cty. Det. Ctr.*, No. 4:12CV–P125–M, 2012 WL 5921163, at *2 (W.D. Ky. Nov. 26, 2012) (holding although scabies is a sufficiently serious medical condition, "[c]ourts will generally refrain from 'second guessing' the adequacy of a particular treatment") (citing *Westlake*, 537 F.2d at 860 n.5). Plaintiff states that he was seen by a doctor, received several rounds of steroid treatment, was given lotion to control his itching, and ultimately received prescription medication to treat his scabies. Further, Plaintiff fails to allege that any named Defendant acted with "deliberate indifference" to a substantial risk that he would suffer serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Therefore, Plaintiff's allegations regarding his scabies treatment fail to state a claim for relief under § 1983.

### 2. Hypoglycemia and Medical Restrictions

Plaintiff also claims that medical staff at the Blount County Jail refused to provide him with sandwiches to treat his low blood sugar, as well as asserting that he was not placed in a bottom bunk despite his medical restrictions [Doc. 2 p. 6]. However, Plaintiff has not sufficiently alleged that he informed a named Defendant of this medical condition, or that he sought medical care from any Defendant. To satisfy the subjective component of a deliberate indifference claim, a prisoner must plead that a defendant knew that the inmate faced a "substantial risk of serious harm and [then] disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Therefore, even if the Court deems Plaintiff's medical conditions to be the type of serious medical need which would satisfy the objective component of an Eighth Amendment claim, there are no contentions which permit the Court to infer a state of mind of deliberate indifference on the part of any Defendant. Without factual contentions to support "the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff fails to state a plausible Eighth Amendment claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Plaintiff's allegations relating to his hypoglycemia and placement in a top bunk fail to state a claim for relief under § 1983.

### 3. Medical Costs

Plaintiff also claims that he was charged twice for his asthma inhaler and medication at the Blount County Jail [Doc. 2 p. 4–6]. Although Plaintiff has not alleged a denial of a specific constitutional right, construing Plaintiff's allegations liberally, the Court presumes that Plaintiff is attempting to assert a deprivation of his due process rights.

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of a constitutionally protected liberty or property interest, the state must provide the

individual notice and an opportunity to be heard. *See Paterek v. Village of Armada*, 801 F.3d 630, 649 (6th Cir. 2015). To prevail on his procedural due process claim, Plaintiff must satisfy three elements: (1) the existence of a constitutionally protected property interest; (2) a deprivation of that property interest; and (3) he was not afforded adequate procedural protection. *Id.*

"Prisoners have a protected, albeit limited, interest in their inmate trust account and cannot be deprived of this interest without due process." *Thomas v. Hayes,* No. 2:04–cv–284, 2006 WL 2708267, at *7 (E.D. Tenn. Sept. 19, 2006) (citing *Hampton v. Hobbs,* 106 F.3d 1281, 1287 (6th Cir. 1997)). However, Plaintiff fails to establish a deprivation, as he had been informed of the policies regarding charges for medical treatment, and "Plaintiff may contest any allegedly erroneously assessment through the prison grievance process." *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 822 (D. S.C. June 20, 2008); *see, e.g.*, *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976); *Elliott v. Simmons,* 100 F. App'x 777, 779 (10th Cir. 2004) (holding prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account); *Asberry v. Correct Care Solutions*, No. 3:10-cv-0910, 2010 WL 4067354, at *2 (M.D. Tenn. Oct. 18, 2010).

In the present case, Plaintiff filed a grievance related to the alleged overcharging of his account, to which prison authorities responded that Plaintiff incorrectly took all medication on his first dose, and that Plaintiff needed another inhaler [Doc. 2 p. 16]. Plaintiff also states that he believes he was overcharged because he never requested the medication [*Id.* at 7]. Further, "[i]t is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner,* 128 F.3d 166, 173–74 (3d Cir. 1997)). Therefore, Plaintiff's potential due process claim fails to state a claim for relief under § 1983.

11

Plaintiff's allegations also fail to state a claim for relief under § 1983 if the Court interprets his claim under the Eighth Amendment. "While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that jails provide the medical care free of cost." *Miller v. Blackwelder*, No. 4:07-cv-9, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008); *see, e.g.*, *White*, 94 F. App'x at 264. Therefore, "[i]t is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated, and such is not the case before this Court." *Miller*, 2008 WL 2940534, at *6. Accordingly, Plaintiff's claims relating to the alleged overcharging for medication fail to state a claim for relief under § 1983.

E.  **Equal Protection Claim**

Plaintiff additionally claims that Defendants discriminated against him by refusing to provide him with prescription treatment for his scabies because he was a "county" inmate, while providing a federal inmate with immediate treatment [Doc. 2 at 6].

The Equal Protection clause details that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. Specifically, it prohibits discrimination by the government which either: 1) burdens a fundamental right; 2) targets a suspect class; or 3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). "[P]risoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Therefore, as Plaintiff has not alleged discrimination based upon membership in an identifiable group, his equal protection claim is addressed under a "class of one" analysis. *Davis v. Prison Health Serv.*, 679 F.3d 433, 441 (6th Cir. 2012). To prove such a claim, Plaintiff must demonstrate "intentional and arbitrary

discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under a class of one equal protection claim, Plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly situated individuals. *Olech*, 528 U.S. at 564. Further, he must show that he was similarly situated to those treated differently in "all material respects." *TriHealth, Inc.*, 430 F.3d at 790.

A plaintiff must first prove, as a "threshold" matter, that the defendant treated them differently from similarly situated individuals. *Taylor Acquisitions, L.L.C., v. City of Taylor*, 313 F. App'x 826, 836 (citing *Braun v. Ann Arbor Charter TWP.*, 519 F.3d 564, 575 (6th Cir. 2008)). He must then show that the adverse treatment he experienced was "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir. 2005) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000)). This showing is made either by negating every conceivable reason for the government's actions or by demonstrating that the actions were motivated by animus or ill-will. *Id.* at 711; *see also Clark v. Johnston*, 413 F. App'x 804, 817–18 (6th Cir. 2011) (holding a prisoner had not adequately pleaded an "equal-protection violation under a 'class of one' theory" based on the general allegation that certain prison policies were "selectively" enforced against him).

However, even if Plaintiff satisfied the threshold inquiry for identifying similarly situated individuals, he must still demonstrate that the difference in treatment was not rationally related to a legitimate government purpose. *See Warren v. City of Athens*, 411 F.3d 697, 710–11 (6th Cir. 2005). Plaintiff has failed to satisfy his burden of demonstrating that the government lacks a

rational basis by negating "every conceivable basis which might support the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Id.* (internal citations omitted). A mere difference in treatment does not violate the equal protection clause. *See Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) (finding that a "plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently"). Therefore, Plaintiff's assertions that a federal inmate was provided with medical treatment, which he was denied, fail to state an equal protection claim. *See Williams v. Jabe*, Nos. 94-1169, 94-2171, 1995 WL 236688, at *2 (6th Cir. Apr. 21, 1995) (holding that a prisoner's conclusory assertions are insufficient to state a claim for an equal protection violation); *see also Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015) (observing that conclusory allegations need not be accepted as true).

Plaintiff has failed to allege facts demonstrating that the challenged government action—the difference in medical treatment—was motivated by animus or ill will. "[T]he hallmark of [a 'class-of-one'] claim is not the allegation that one individual was singled out, but rather, the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (citing *Aldridge v. City of Memphis,* 404 F. App'x 29, 42 (6th Cir. 2010)). Plaintiff's conclusory allegations that he was provided different medical treatment from another inmate do not establish the irrationality or arbitrariness of the decisions made by the Defendants. As animus is not demonstrated, Plaintiff has failed to demonstrate that "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Therefore, Plaintiff's equal protection claims against the respective Defendants will be **DISMISSED** for a failure to state a claim upon which relief may be granted under § 1983.

## F. Retaliation Claims

Lastly, Plaintiff alleges that he was retaliated against after filing a grievance requesting to be refunded his money for the unused medication [Doc. 2 p. 4]. He claims that "[i]n the process of turning in grievance request forms, I was cussed twice, written up once, and punished with loss of visits" [*Id.* at 7].

Prisoners retain their First Amendment rights "not incompatible with their status as prisoners, 'or with the legitimate penological objectives of the corrections system.'" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (citing *Pell v. Procunier*, 417 U.S. 817, 832 (1974)). One of the rights retained by inmates is the First Amendment right to file grievances against prison officials without retaliation for supposed misconduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). "[A]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Bloch v. Ribar*, 156 F.3d 673, 681–82 (6th Cir. 1998) (citation omitted).

A prisoner states a retaliation claim if he pleads and proves that: (1) he engaged in protected conduct, (2) an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in such conduct, and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "Even the threat of an adverse action can satisfy [the adverse action] element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009)); *see also Reynolds–Bey v. Harris–Spicer,* 428 F. App'x 493, 503 (6th Cir. 2011) (stating that adverse actions include "threatening to impose disciplinary sanctions, issuing major

misconduct reports that could result in loss of disciplinary credits, and threatening the use of physical force").

First, Plaintiff was engaged in protected conduct by filing a grievance. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Additionally, "[s]ubjecting a prisoner to a disciplinary charge that could affect his place of confinement and other conditions of his confinement, e.g., loss of visitation, may be such action that would 'deter a person of ordinary firmness from continuing to engage in that conduct.'" *Sanford v. Schofield*, No. 1:13–0023, 2013 WL 1344855, at *5 (M.D. Tenn. Apr. 2, 2013) (citing *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007)).

However, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579–80 (6th Cir. 2004) (holding without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Plaintiff does not allege that any named Defendant took or threatened adverse action against him because he engaged in conduct that is protected by the First Amendment. A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun*

*Cty.*, 408 F.3d 803, 817 n.5 (6th Cir. 2005). Although Plaintiff claims that Defendant Householder cursed at him, he does not allege that Defendant Householder was motivated by his filing of constitutionally protected grievances. *See Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged). Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Additionally, in his complaint, Plaintiff states that he "lost visits for 30 days on a minor infraction" [Doc. 2 p. 7]. Therefore, Plaintiff's retaliation allegations fail to state a claim upon which relief may be granted under § 1983.

To the extent that Plaintiff alleges that Defendants and medical staff at the Blount County Jail cursed at him, Plaintiff's allegations fail to state a claim under the Eighth Amendment. The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. However, Plaintiff does not state an actionable claim against Defendant Householder, or any other Defendant, based on their use of derogatory language. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (noting that allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment). Additionally, Plaintiff has not alleged a physical injury in connection with an Eighth Amendment violation and, absent such a contention, he cannot recover monetary damages for the pain and suffering he claims to have suffered. *See* 42 U.S.C. § 1997e(e) (requiring that a prisoner show prior physical injury to advance claim for mental or emotional damages).

## IV. CONCLUSION

Based on the above, Plaintiff's application to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. However, because Plaintiff is no longer incarcerated, he will not be assessed the filing fee at this time.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's request to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. His complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**